UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM RAGLAND, | Civil Action No. 15-8683 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| GLENN GRANT, et al., | |
| Defendants. | |

**WIGENTON**, District Judge:

Currently before this Court is the complaint of Plaintiff, Kim Ragland. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 6). As leave to proceed *in forma pauperis* is warranted in this matter, this Court will grant Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint.

**I. BACKGROUND**

Plaintiff, Kim Ragland, is a convicted state prisoner currently confined in Northern State Prison in Newark, New Jersey. (ECF No. 1 at 1). In April 2013, Plaintiff was sentenced on a burglary charge in the Superior Court of New Jersey, Cape May County. (Document 2 attached to ECF No. 1 at 2). Plaintiff alleges that he thereafter attempted to file a notice of appeal as to that sentence. (ECF No. 1 at 3). Plaintiff was thereafter also sentenced on another charge in

1

Union County, New Jersey, which he also allegedly attempted to appeal. (*Id.*). In both cases, Plaintiff attaches a document he apparently believes to be his notice of appeal and incorporates them by reference. These documents, however, are not notices of appeal, but rather forms acknowledging that Plaintiff was informed of his appellate rights at sentencing. (Document 2 attached to ECF No. 1 at 4, 8). It is thus unclear whether an actual notice of appeal was filed as to either charge.[1] It is clear, however, that Plaintiff did eventually attempt to file an administrative appeal in which he claimed that the Public Defender improperly failed to file and prosecute his appeal, which was ultimately dismissed by Appellate Division Judges Michael Haas and Mary Whipple. (Document 2 attached to ECF No. 1 at 34-35). Plaintiff now brings suit against various Defendants including his public defenders, the judges who dismissed his appeal, the Administrative Director of the New Jersey Courts, two members of two different County Boards of Freeholders, and the clerks of Cape May and Union counties arguing that each Defendant in one way or another prevented him from filing an appeal as an indigent in relation to his criminal convictions. Plaintiff therefore alleges that the Defendants either denied him access to the courts or prevented him from receiving equal protection of the laws on the basis of his indigence. (ECF no. 1 at 3-11).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil

---

[1] Briefs filed by respondents moving to dismiss the administrative appeal suggest that Plaintiff never filed actual notices of appeal as to these charges, but did file a motion to vacate his sentence in at least one of his cases. (Document 2 attached to ECF No. 1 at 16-32).

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a convicted prisoner bringing suit against governmental employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

### B. Analysis

Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Petitioner asserts that the various Defendants denied him his right to access to the Courts under the First Amendment or Equal Protection of the Law under the Fourteenth Amendment by either refusing to provide him with documentation, refusing to hear his appeal, or failing to grant him indigent filing status.

### 1. Plaintiff's Claims against the Public Defender Defendants

Among the Defendants Plaintiff names are Joseph Krakora, New Jersey's Public Defender, and the two individual deputy public defenders who defended him in two of his criminal prosecutions – H.P. Smith and Jessica Lyons. Plaintiff brings suit against these Defendants based on the actions of Plaintiff's criminal cases – specifically because Smith and Lyons allegedly failed to file appeals on Plaintiff's behalf, and because Krakora for failing to provide him with representation, apparently in regards to his criminal appeals. Defendants,

acting in their capacities as public defenders, however, are immune from liability under § 1983. "[P]ublic defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). This immunity arises from the fact that a public defender "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). As Plaintiff asserts that the three public defender Defendants failed to provide him with adequate representation in representing him and filing an appeal on his behalf, he is raising claims against them in their capacities as lawyers and their performing, or failing to perform, a lawyer's traditional function. As such, they are immune from liability under § 1983, and will be dismissed from this action with prejudice. *Walker*, 580 F. App'x at 78.

**2. Plaintiff's claims against the Judge Defendants**

Plaintiff also names as Defendants Judges Michael Hass and Mary Whipple of the New Jersey Superior Court – Appellate Division. Plaintiff's claims against these judges are based on their decisions denying his appellate motions and dismissing his administrative appeal. A "judicial officer in the performance of his or her duties[, however,] has absolute immunity from suit" under § 1983. *See, e.g., Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kwansik*, 228 F. App'x at 243. (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Here

Plaintiff's claims against the judges arise directly out of their decisions on his motions and the motion to dismiss Plaintiff's appeal raised by the respondents in Plaintiff's appeal. Thus, he is suing the judges for the performance of their judicial duties, and they are therefore absolutely immune from liability. Plaintiff's claims against Judges Whipple and Haas must therefore be dismissed with prejudice at this time.

**3. Plaintiff's claims against the County Defendants**

Plaintiff also names as Defendants Christopher Hudak of the Union County Board of Chosen Freeholders and Gerald M. Thornton of the Cape May County Board of Chosen Freeholders. Plaintiff asserts that these Defendants violated his right of access to the Courts by not entering an order establishing Plaintiff's indigency for his criminal appeals, as Plaintiff claims is required by N.J. Stat. Ann. § 30:4-87. That statute, however, is completely unrelated to a determination of a litigant's indigency in the New Jersey Superior Court, instead dealing solely with the settlement of inmates being transferred from one institution to another. Indeed, the only reference to Boards of Chosen Freeholders in that statute is the following: "[d]ue notice of the transfer [of an inmate] shall be given to the director of the board of chosen freeholders of the county in which such inmate or patient is determined to have a legal settlement, if any, of such transfer having been made." N.J. Stat. Ann. § 30:4-87. Clearly, the statute places no requirement on the freeholders themselves, and certainly does not require them to provide a criminal defendant indigent status in reference to his criminal appeals, which is properly the province of the courts, and not a County Board. *See* N.J Court R. 2:7-1 (New Jersey trial court or Appellate Division makes the determination as to whether an appellate shall be permitted to proceed as an indigent on appeal). Thus, Defendants Hudak and Thornton had no authority to

6

grant Petitioner the indigent status he sought as a matter of law, and thus cannot be liable to him for a failure to enter a court order under an unrelated and irrelevant statute. As such, Plaintiff's claims against the County Defendants must be dismissed without prejudice at this time.

**4. Plaintiff's claims against the Administrator and Clerk Defendants**

Plaintiff names as the remaining Defendants Judge Glenn A. Grant, in his capacity as Acting Administrative Director of the New Jersey Courts,[3] and two County clerks – Joanne Rajoppi of Union County and Rita Marie Fulginiti of Cape May County, for their alleged failures to provide Plaintiff with certain forms and forward Plaintiff's sentencing transcripts to the Appellate Division. Turning First to Judge Grant, Plaintiff initially claims that Judge Grant violated his right of access to the Courts by failing to provide Plaintiff with the forms necessary to file an application for indigent status on appeal. Plaintiff asserts that Grant was required to provide these forms by N.J. Court Rule 2:7-2. Plaintiff's assertion, however, is incorrect. That rule states only that the Administrative Director of the Courts shall prescribe what forms shall be used by applicants seeking indigent status, and does not require that the Administrative Director himself provide those forms. Indeed, the rule itself specifically states that these forms are to be filed "with the court in which [the appellant was] convicted." Thus Plaintiff's first claim against Judge Grant is based upon a fundamental misreading of the appropriate court rules. Judge Grant was not under any requirement to do more than set the appropriate forms, and was not required

---

[3] Although Judge Grant is, indeed, a Judge of the New Jersey Superior Court – Appellate Division, he is being sued here for his alleged actions as the administrative director, and therefore may not be entitled to absolute immunity for the actions at issue. *See, e.g., Forrester v. White*, 484 U.S. 219, 230 (1988) (judges acting in executive or administrative capacity not entitled to judicial immunity).

by law to provide Plaintiff with the indigency forms, and as such his failure to do so in no way supports Plaintiff's assertion that Judge Grant prevented Plaintiff from accessing the courts.

Plaintiff also asserts that Judge Grant is liable for a violation of his Fourteenth Amendment Equal Protection rights because Grant denied him indigent status and thus prevented him from appealing. The records Plaintiff attaches to his complaint, however, clearly shows that it was Judges Haas and Whipple who denied Plaintiff's motion to appeal as an indigent, not Judge Grant. (*See* Document 2 attached to ECF No. 1 at 34). Thus, to the extent Plaintiff is asserting that Judge Grant denied him indigent status on the appeal he did file, Plaintiff is factually incorrect – the correct Defendants are Judges Haas and Whipple, both of whom are absolutely immune. To the extent Plaintiff is asserting that Judge Grant should have granted him indigent status on his alleged attempts to appeal his criminal convictions, Judge Grant would not have been responsible for that determination as it would be the province of the County assignment judge or a judge designated by him, and could be appealed to judges of the New Jersey Superior Court –Appellate Division. *See* N.J. Stat. Ann. § 2A:158A-15.1; Pressler & Verniero, *N.J. Court Rules (Gann)*, R. 2:7-2 at cmt. 1 (responsibility for determining indigency rests with the county assignment judge or his designee and may be appealed directly to the Appellate Division). Clearly, Judge Grant was not responsible for making Plaintiff's indigency determination, and could therefore not be liable for his failure to provide Plaintiff with indigent status. Plaintiff's claims against Judge Grant are thus based on a misguided understanding of the way in which indigency claims are handled in the New Jersey Courts, and must be dismissed without prejudice.

Plaintiff also makes claims against two county clerks for allegedly failing to forward his sentencing transcripts to the Appellate Division in support of his criminal appeals. As a matter

of public record,[4] however, these two women are the County Clerks for Union and Cape May Counties in New Jersey, and are not part of the New Jersey Court system. N.J. Court Rule 2:5-3 establishes that an appellant attempting to acquire the necessary transcripts in support of his appeal is to make the request for such transcripts to the "reporter who recorded the proceedings and upon the reporter supervisor for the county if the appeal is from a Judgment of the Superior Court." Where an indigent appellant seeks to have the required transcripts provided without cost, he must do so via filings with the county trial court or the Appellate Division. N.J. Court R. 2:5-3(d). The County Clerk – as opposed to a clerk of court – plays no part in the transcript or appeal process where the County Clerk is not a party to the action being appealed. N.J. Court. R. 2:5-3. Thus, to the extent that Plaintiff may have a claim for any failure to properly file his indigency forms,[5] he has named the wrong defendants, and that claim, too, must be dismissed without prejudice. As this Court is dismissing all of Plaintiff's claims, Plaintiff's complaint shall be dismissed in its entirety.

---

[4] *See About the County Clerk*, available at http://ucnj.org/county-clerk/about-the-county-clerk/ (last visited Feb. 18, 2016) (as to Joanne Rajoppi); *County Clerk*, available at http://capemaycountynj.gov/189/County-Clerk (last visited Feb. 18, 2016) (as to Rita Marie Fulginiti).

[5] This Court expresses no opinion as to whether any of Plaintiff's claims may state a claim if they were raised against a proper, non-immune Defendant.

### III. CONCLUSION

For the reasons stated above, this Court will grant Plaintiff's application to proceed *in forma pauperis*, will dismiss Plaintiff's claims against Defendants Krakora, Lyons, Smith, Whipple, and Haas with prejudice, and will dismiss Plaintiff's remaining claims without prejudice at this time. An appropriate order follows.


February 22, 2016                                       *s/Susan D. Wigenton*
                                                        Hon. Susan D. Wigenton,
                                                        United States District Judge